IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No. 3:26cr7/TKW

JORDAN T. QUINONES

_____/

**FACTUAL BASIS FOR GUILTY PLEA**

Defendant Jordan T. Quinones admits that if this case were to proceed to trial, the government could prove the following facts:

On July 10, 2025, an FDLE Inspector received a Cybertip (CT) from the National Center for Missing and Exploited Children (NCMEC). The CT indicated that a user uploaded a file and noted the image file provided within the CT was publicly available and previously reviewed by the reporting Service Provider. The image file depicted a prepubescent female, approximately eight years of age, leaning against a wooden fence and wearing a pink and green colored bikini. The bikini was tight-fitting, and the right hip of the female was positioned away from the camera in such a way that the clothed buttocks of the female was depicted within the image. This FDLE Inspector conducted open-source intelligence queries based on the CT provided email address, which revealed the email address was associated with the defendant.

1



FILED IN OPEN COURT

4/15/26

CLERK, UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

The FDLE Inspector queried this name through law enforcement databases and determined that Quinones resided within Escambia County, Florida, and is a registered sexual offender. Jordan Quinones was required to register as a sexual offender in the State of Florida based on a July 2, 2014, conviction in Escambia County, Florida. As a sexual offender, Quinones was obligated to comply with all of the registration requirements outlined in Florida Statute 943.0435.

Per Florida Statute 943.0435(14)(a), Quinones was required to re-register as a sexual offender during his birth month of September, and during the month of March, every year. The FDLE Inspector noted that the email address and the service provider account associated with it were not reported during the defendant's March 20, 2025, registration – which was after the file was uploaded to the account on November 29, 2024. As such, Quinones was in violation of his sexual offender conditions.

On September 19, 2025, the FDLE Inspector responded to Quinones's registered permanent address in Pensacola, Florida, to conduct a sexual offender address verification, and to interview Quinones regarding the unregistered email address and service provider account. An interview was conducted with Quinones inside of the FDLE Inspector's vehicle while parked outside of the residence. Law enforcement read Quinones his *Miranda* rights from an agency rights waiver, which Quinones stated he understood.

2

The FDLE Inspector presented Quinones with the image uploaded from his service provider account. Quinones denied possession of this file. The FDLE Inspector indicated to Quinones that Quinones had sole access to the account based on his statement of residing alone, to which Quinones did not respond.

Quinones had a Samsung Galaxy cellular telephone, with IMEI 356045391980336, in his pants pocket and handed it to the FDLE Inspector. Shortly after the FDLE Inspector expressed concern that the cellular telephone had evidence pertaining to unregistered internet identifiers, Quinones reached to take possession of his phone. The FDLE Inspector stopped Quinones from obtaining the phone and explained it was being collected.

The FDLE Inspector informed Quinones that, based on his statements of using the account, along with potentially having additional unregistered internet identifiers, the cellular telephone was being collected pending the application of a search warrant.

On September 23, 2025, a search warrant was signed. The search warrant was executed on the same date. On September 24, 2025, FDLE observed several questionable files of to be present on the device. The FDLE Inspector learned that the files appeared to be generated through the use of a computer program, in violation of Florida State Statute 827.072(2)(a). The FDLE Inspector authored a secondary search warrant for the cellular telephone to include search authority for

3

this type of material.  On September 26, 2025, the secondary search warrant was signed. The search warrant was executed on the same date.  The media files extracted from the device reveal images that depict obscene visual representations of the sexual abuse of children.  The last modified date for these images ranged from July 12, 2024, to September 17, 2025. The file path for the images indicated the media was extracted from an online Google Photos account, which implicates interstate commerce. The media files were cartoon or computer generated files, which depict sexual abuse, sadomasochistic abuse, and bestiality involving children, in violation of Section 1466A.

The defendant admits he possessed these items and the Indictment, which is incorporated herein, is true and accurate.

## ELEMENTS OF THE OFFENSE

The elements of Possession of Obscene Visual Representation of the Sexual Abuse of Children, in violation of 18 U.S.C. Sections 1466A(b)(1) & 1466A(d)(4), as charged in Count One, are:

*First:*  the Defendant knowingly possessed a visual depiction of any kind;

*Second*:  the Defendant knew the visual depiction depicted a minor engaging in sexually explicit conduct;

*Third*:  the visual depiction was obscene; and

*Fourth*:  the visual depiction was mailed or shipped or transported in interstate or foreign commerce by any means, or produced using materials that had been shipped or mailed or transported in interstate or foreign commerce by any means.

JOHN P HEEKIN
United States Attorney

_____
LAUREN COBB
Attorney for Defendant
Florida Bar No.: 52022
3 W. Garden Street, Ste. 200
Pensacola, FL 32502
(850) 432-1418

_____4/2/26_____
Date

_____
DAVID L. GOLDBERG
Assistant U.S. Attorney
Northern District of Florida
Member of the Maryland Bar
21 East Garden Street, Suite 400
Pensacola, Florida 32502
(850) 444-4000

_____4/15/26_____
Date

_____
JORDAN T. QUINONES
Defendant

5